FILED
05/15/2026
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON[1]
May 6, 2026 Session

## ANTHONY CARTWRIGHT v. BRANDON WATWOOD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 25-CR-11077    Mark L. Hayes, Judge**

_____

### No. W2025-00181-CCA-R3-HC

_____

The pro se Petitioner, Anthony Cartwright, appeals the summary dismissal of his petition for writ of habeas corpus. Because the Petitioner's challenge to the amendment of his indictment does not state a cognizable ground for habeas corpus relief, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which J. ROSS DYER and TOM GREENHOLTZ, JJ., joined.

Anthony Cartwright, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Ryan W. Davis, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In November 2016, the Davidson County Grand Jury indicted the Petitioner for two counts of aggravated assault. Both counts involved the same victim, the Petitioner's girlfriend, and were based on separate incidents that occurred on April 15 and June 19, 2016. *State v. Cartwright*, No. M2019-00519-CCA-R3-CD, 2020 WL 2850975, at *1 (Tenn. Crim. App. June 2, 2020). At the conclusion of trial, the jury convicted the Petitioner of the lesser-included offense of domestic assault for the April 15 incident and

---

[1] This case was originally set to be heard at oral argument. However, the pro se Appellant did not appear, and the panel therefore converted the case to on brief.

of the indicted offense of aggravated assault for the June 19 incident. *Id.* at *4. The trial court sentenced the Petitioner as a Range III, persistent offender to consecutive terms of fourteen years, and 11 months, 29 days, to be served consecutively to the Petitioner's eleven-year sentence in a previous case. *Id.* The only issue the Petitioner raised in his unsuccessful direct appeal was whether the evidence was sufficient to sustain his convictions. *Id.*

In his post-conviction petition, the Petitioner alleged that his trial counsel was ineffective for "failing to investigate and present witnesses to the altercation underlying the Petitioner's aggravated assault conviction." *Cartwright v. State*, No. M2022-00754-CCA-R3-PC, 2023 WL 6439404, at *1 (Tenn. Crim. App. Oct. 3, 2023). The post-conviction court denied the petition, and this court affirmed the judgment of the post-conviction court. *Id.*

On January 7, 2025, the Petitioner filed the pro se petition for writ of habeas corpus at issue in this case, alleging that his convictions are illegal because the trial court allowed an amendment to the indictment "right before the start of trial," which "changed the nature and substance of the charges[.]"

On January 22, 2025, the habeas corpus court summarily dismissed the petition for failure to state a cognizable claim for habeas corpus relief. The habeas corpus court noted that the Petitioner failed to raise the allegedly impermissible amendment as an issue in either his direct appeal or in his post-conviction proceedings. The habeas corpus court further noted that neither the amendment to count one, which changed "by strangulation" to "the assault involved strangulation or attempted strangulation," nor the amendment to count two, which changed "did cause [the victim] to reasonably fear imminent bodily injury and did thereby cause serious bodily injury" to "did cause serious bodily injury" to the victim, charged a new or more serious offense. The habeas corpus court, therefore, concluded that the amended indictment complied with Tennessee Rule of Criminal Procedure 7(b) "because no additional or different offenses were charged, and no substantial right of the [Petitioner] was prejudiced." The habeas corpus court further found that the petition was not accompanied by a uniform affidavit of indigency executed by the Petitioner "or the information required by Tenn. Code Ann § 41-21-805" and that it could not, therefore, find the Petitioner indigent. This appeal followed.

## ANALYSIS

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; *see* Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are

very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The remedy provided by a writ of habeas corpus may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, a trial court may properly dismiss a petition for writ of habeas corpus without appointing counsel or holding a hearing if there is nothing on the face of the judgment to indicate that the conviction is void or the sentence illegal. *See Summers*, 212 S.W.3d at 260. Whether the petitioner is entitled to habeas corpus relief is a question of law, which we review de novo. *Id.* at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000).

The Petitioner asserts that he filed the necessary documents for an indigency determination and argues that the habeas corpus court, therefore, erred in failing to appoint counsel or hold an evidentiary hearing to address his claims. The Petitioner further argues that the amendment to the indictment, which he asserts was made over his objections and without "being resubmitted to the Grand Jury," was illegal and renders his convictions void. The State responds that summary dismissal of the petition was appropriate, regardless of the Petitioner's financial status, because the Petitioner's challenge to the validity of the amendment to the indictment does not raise a cognizable claim for habeas corpus relief. We agree with the State.

Tennessee law permits habeas corpus challenges to indictments only in limited circumstances. "So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void." *Hart*, 21 S.W.3d at 903 *(*citing *Dykes*, 978 S.W.2d at 529) (noting that the "validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction"). As the State points out, "an improperly amended indictment renders a judgment voidable, not void on its face." *McNair v. Boyd*, No. E2019-01524-CCA-R3-HC, 2020 WL 3542239, at *1 (Tenn. Crim. App. June 30, 2020; *see also Wilson v. State*, No. M2021-00419-CCA-R3-HC, 2022 WL 301731, at *3-4 (Tenn. Crim. App. Feb. 2, 2022); *Allen v. Phillips*, No. W2018-01736-CCA-R3-HC, 2019 WL 1754047, at *2 (Tenn.

Crim. App. Apr. 17, 2019); *Jennings v. Parrish*, No. W2016-01089-CCA-R3-HC, 2017 WL 1326567, at \*3 (Tenn. Crim. App. Apr. 10, 2017).

In Tennessee, an indictment is sufficient that states "the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Tenn. Code Ann. § 40-13-202. Both the original and the amended indictment charged the Petitioner with aggravated assaults committed against the victim in Davidson County on April 15 and June 19, 2016, thus satisfying the requirements of a valid indictment by putting the Petitioner on notice of the offenses, furnishing the court with an adequate basis for entry of a proper judgment, and protecting the Petitioner from double jeopardy. *See State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). We, therefore, affirm the summary dismissal of the petition for writ of habeas corpus for failure to state a cognizable claim for relief.

## CONCLUSION

Because the Petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the habeas corpus court's summary dismissal of the petition.

s/ JOHN W. CAMPBELL
JOHN W. CAMPBELL, SR., JUDGE

- 4 -